# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| **Universal North America Insurance Company,** | Case No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Kevin Canty, Tracy Canty, and United States Department of Agriculture Rural Housing Service,** | |
| Defendants. | |

1. The Plaintiff is a wholly-owned subsidiary of Universal Insurance Holdings of North America ("Universal"), which is a Delaware-domiciled insurance group. Its principal place of business is in Sarasota, Florida.

2. On knowledge and belief, Defendant Kevin Canty is a citizen and resident of Florence County, South Carolina.

3. On knowledge and belief, Defendant Tracy Canty is a citizen and resident of Florence County, South Carolina.

4. Defendant United States Department of Agriculture Rural Housing Service is an agency of the United States Department of Agriculture.

5. The jurisdictional amount exceeds Seventy-Five Thousand Dollars ($75,000), as a declaration is sought regarding coverage of a homeowners policy with coverage limits of $146,000 for the dwelling, $14,600 for Other Structures, $102,200 for Personal Property, and $58,400 for Loss of Use, and this lawsuit is brought in reference to claims related to a fire that

allegedly destroyed a house reportedly owned and/or occupied by Kevin Canty and/or Tracy Canty.

6. This Court has subject matter jurisdiction over this matter pursuant to Article III of the United States Constitution, 5 U.S.C. § 701 et seq., and 28 U.S.C. §1332.

7. The Plaintiff files this declaratory action under 28 U.S.C. §2201.

8. Venue is proper in the Florence Division because Kevin Canty and Tracy Canty are residents of Florence County, South Carolina, because the property at issue is located in Florence County, South Carolina, and because a substantial part of the events or omissions giving rise to the claim occurred in Florence County.

9. Upon information and belief, this Court has personal jurisdiction over these defendants.

**FACTS**

10. Defendant Kevin Canty is the named insured under homeowners insurance policy number HSC2502879, issued by the Plaintiff and with a policy period running from October 3, 2017 through October 3, 2018 ("Homeowners Policy"). The Mailing Address listed on the Declarations Page is 6715 Bethel Rd, Florence SC 29506-5962 ("Canty Residence"). A copy of the certified policy is attached as Exhibit 1.

11. Defendant Tracy Canty was married to Defendant Kevin Canty but is not a named insured under the policy. Furthermore, upon information and belief, Kevin Canty and Tracy Canty are divorced, and Kevin Canty and Tracy Canty last cohabited at the Canty Residence on April 16, 2017. Pursuant to a finding of the Family Court in the divorce decree filed April 18, 2019, Kevin Canty and Tracy Canty separated on April 16, 2017 and lived separate and apart

from each other since that time without cohabitation. A copy of the Final Decree from the Family Court is attached as Exhibit 2.

12. Upon information and belief, Kevin Canty no longer resided at the Canty Residence after April 16, 2017, and Tracy Canty continued to reside at the Canty Residence with her children until the home was destroyed by fire on or about August 9, 2018.

13. An October 4, 2010 mortgage for the Canty Residence identifies Defendants Kevin Canty and Tracy Canty are as mortgagors and the Rural Housing Service, United States Department of Agriculture as the lender.

14. In addition, the Homeowners Declarations in the Homeowners Policy identifies a mortgage for USDA, c/o Rural Housing Service, PO Box 66876, ISAOA, Saint Louis, MO 63166.

15. On or about August 9, 2018, during the early morning hours, the Canty Residence was destroyed by fire.

16. Upon information and belief, the August 9, 2018, was the third fire at the Canty Residence, with two earlier fires having been set on or about August 6, 2018, and August 8, 2016. The August 6, 2018 fire and the August 8, 2018 fire did not result in the destruction of the property.

17. Upon information and belief, prior to the August 2018 fires, Kevin Canty was ordered by the Family Court to pay or assist with paying the mortgage for the Canty Residence.

18. A warrant has been issued for the arrest of Kevin Canty in relation to the fire. See Arrest Warrant 2018A2110100639, attached as Exhibit 3. The Warrant's describes an offense for "Arson/Arson – Third degree." The Warrant states it is based on the following facts:

> On or about August 9, 2018 the defendant [Kevin James Canty] went to 6715 Bethel Rd in Florence SC which is in Florence County and set fire to his

residence that the defendant doesn't live at. The defendant lights an object on the front porch which caused a large fire plum [sic] to start the fire. The defendant was caught on camera starting the fire around 4:57am. The defendant has made threats to the victim that he was going to set the house on fire."

19. Upon information and belief, following the August 9, 2018 fire, Kevin Canty reported a claim under the Homeowners Policy for damages arising from the August 2018 fire(s) without reporting material facts regarding his reported involvement in starting the fire(s).

20. Universal seeks a declaration from the Court that it owes no duty to indemnify Defendants Kevin Canty and/or Tracy Canty under Universal's Homeowners Policy for any loss related to the fires at the residence in August of 2018.

21. Universal further seeks a declaration from the Court that it owes no duty to indemnify the USDA, c/o Rural Housing Service, in relation to the loss at the Canty Residence in August of 2018.

## FOR A FIRST DECLARATION

21. The allegations in paragraphs 1-20 above are realleged as though repeated verbatim herein.

22. Universal's Homeowners Policy provides the following exclusion:

**1.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

…
**h. Intentional Loss**, meaning any loss arising out of any act committed:
  **(1)** By or at the direction of an "insured"; and
  **(2)** With the intent to cause a loss.
.

23. Upon information and belief, the August 2018 fires, including the fire that destroyed the Canty Residence, were started by or at the direction of an "insured" with the intent to cause a loss.

24. As a result, Universal is entitled to a declaration that it has no duty to provide indemnity to the Defendants under the Homeowners Policy.

## FOR A SECOND DECLARATION

25. The allegations in paragraphs 1-24 above are realleged as though repeated verbatim herein.

26. The policy states, under Section I – Conditions, subsection 10, that "We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment."

27. The policy defines "you" and "your" to refer to the named insured shown in the Declarations and the named insured's spouse "if a resident of the same household."

28. Tracy Canty is not a named insured under the policy.

29. At the time of the August 2018 fires and for over a year prior, Tracy Canty was not a resident of the same household as the named insured, Kevin Canty.

30. Because Tracy Canty is not a named insured, and because at the time of the August 2018 fires she was not a resident of the same household as the named insured, she is not entitled to payment under the Homeowners Policy.

31. As a result, Universal is entitled to a declaration that it has no duty to provide indemnity to Tracy Canty under the Homeowners Policy for loss arising out of the August 2018 fires.

## FOR A THIRD DECLARATION

32. The allegations in paragraphs 1-31 above are realleged as though repeated verbatim herein.

33. The Homeowners Policy contains an endorsement providing:

> **UNIVERSAL INSURANCE COMPANY OF NORTH AMERICA**
> **SPECIAL PROVISION – SOUTH CAROLINA**
> …
> **SECTIONS I AND II – CONDITIONS**
>
> **2. Concealment or Fraud** is deleted and replaced by the following:
>
> **2. Concealment or Fraud**
>    **a.** Under Section **I** – Property Coverages, with respect to all "insureds" covered under this policy, we provide no coverage for loss under Section **I** – Property Coverages if, whether before or after a loss, one or more "insureds" have:
>
>      **(1)** Intentionally concealed or misrepresented any material fact or circumstance;
>      **(2)** Engaged in fraudulent conduct; or
>      **(3)** Made false statements;
>
>    relating to this insurance.

34. Under this exclusion, the Homeowners Policy provides no coverage for loss under Section I – Property Coverages if, whether before or after a loss, one or more insureds intentionally conceal or misrepresent a material fact or circumstance.

35. Upon information and belief, Kevin Canty reported a claim under the Homeowners Policy related to the August 2018 fire(s) without providing material information regarding his reported involvement in starting the fire(s).

36. To the extent an insured has misrepresented a material fact or circumstance relating to the Homeowners Policy, engaged in fraudulent conduct relating to the Homeowners Policy, or made false statements relating to the Homeowners Policy, Universal is entitled to a declaration that it has no duty to provide indemnity to the Defendants under the Homeowners Policy.

## FOR A FOURTH DECLARATION

37. The allegations in paragraphs 1-31 above are realleged as though repeated verbatim herein.

38. The Homeowners Policy provides the following:

**12. Mortgage Clause.**

The word "mortgagee" includes trustee.
If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

**a.** Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware…
….

39. Upon information and belief, Kevin Canty no longer resided at the Canty Residence after April 16, 2017.

40. Thus, a change in "ownership, occupancy, or substantial change in risk" occurred of which Universal was not made aware, and further the change was material and prejudicial to Universal's interests.

41. Upon information and belief, the USDA/Rural Housing Service, United States Department of Agriculture, as mortgagee, was aware of the change in ownership, occupancy, or substantial change in risk because, among other things:

    a. Upon information and belief, Kevin Canty's mortgage payments stopped and/or became sporadic;

    b. Kevin Canty's mortgage payments were sent from a different and new address;

    c. The mortgagee was aware that Tracy Canty was living in the house without Kevin Canty;

d. Upon information and belief, the source and timing of payments on the mortgage changed in such a manner as to indicate a change in ownership, occupancy, and risk; and/or

c. The Mortgagee was presented with or in possession of other indicators of a change in ownership, occupancy, or substantial change in risk as will be shown through discovery.

42. There is no loss payable under Coverage A or B of the Homeowners Policy for the reasons set forth herein and the denial also applies to the mortgagee for the reasons set forth above.

43. As a result, because the mortgagee failed to notify Universal of a change in ownership, occupancy, and/or substantial change in risk of which the mortgagee was aware, Universal is entitled to a declaration that it has no duty to provide indemnity to the Defendants under the Homeowners Policy.

**WHEREFORE**, Plaintiff prays the Court to issue declarations that:

(a) Plaintiff has no duty to defend or indemnify Kevin Canty in connection with the August 2018 fires at the Canty Residence because coverage is validly excluded for the reasons set forth above;

(b) Plaintiff has no duty to defend or indemnify Tracy Canty in connection with the August 2018 fires at the Canty Residence because coverage is validly excluded for the reasons set forth above;

(c) Plaintiff has no duty to indemnify the mortgagee because the mortgagee failed to notify Universal of a change in ownership, occupancy, and/or substantial change in risk of which the mortgagee was aware.

(d) For all attorney's fees and costs in bringing this action and for any other remedy as the Court deems appropriate.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Brandon R. Gottschall
Mark V. Gende Fed. I.D. No. 9448
Brandon R. Gottschall Fed. I.D. No. 12201
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233
**ATTORNEYS FOR THE PLAINTIFF**

Columbia, South Carolina
May 2, 2019